JOHN L. LITTLE, as Trustee of PREMIER CLOTHING CORPORATION, in Bankruptcy Respondent, v. SIMON BRINN and Another, Copartners, Doing Business as S. BRINN & BRO., Appellants. (Action No. 1).

First Department, June 6, 1924.

Pleadings — answer — amendment — action by trustee in bankruptcy on theory ·of voidable preference and conversion — defendants secured return of goods with knowledge of fraud of purchaser and before bankruptcy of purchaser — complaint was not served until two hundred and eighty-one days after appearance by defendants — amendment seeking to set up facts showing fraud in purchase should have been permitted after preference in trial was granted and where amendment would not cause delay in trial.

In an action by a trustee in bankruptcy to recover for goods sold by the defendants to the bankrupt and returned to the defendants a short time before bankruptcy, which action is based on the theory of voidable preference and that the defendants were guilty of conversion, the defendants should have been permitted, after a preference in the trial had been granted, to amend their answer for the purpose of setting up the defense that the goods were purchased by the bankrupt fraudulently and with intention not to pay therefor, since it appears that the complaint in the action was not served until two hundred and eighty-one days after the defendants appeared, that notice of trial was served with the consent of the defendants before issue was joined, and that the defendants stipulated to go to trial on the amended answer when the cause was reached on the day calendar.

APPEAL by the defendants, Simon Brinn and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York

on the 5th day of April, 1924, denying their motion for leave to serve an amended answer. (See *Little* v. *Brinn, No. 2,* 209 App. Div. 573.)

*Shaine & Weinrib* [*Edward C. Weinrib* of counsel], for the appellants.

*Benjamin A. Hartstein* [*Lewis Nadel* with him on the brief], for the respondent.

McAvoy, J.:

The summons in this case without a written complaint was served on the 10th day of January, 1923; defendants on the 12th day of January, 1923, served their notice of appearance. The plaintiff did not serve his complaint until 281 days thereafter, which was on the 20th day of October, 1923. The defendants accepted a notice of trial before issue was joined, thus consenting that the cause go on the calendar in advance of the joinder of issue. The plaintiff's motion to prefer the cause was not opposed.

The case is at issue only since February 8, 1924. The defendants moved for an order allowing an amendment of the answer before the cause came on the day calendar, and consented to try the case when reached on the day calendar and asked for no delay. The plaintiff, who had theretofore received extension of time to serve his complaint for a period of 281 days, opposed the application because, among other things, he claimed the service of an amended answer would delay the trial of the action. This in face of the express stipulation contained in defendants' moving affidavit to go to trial on the amended answer when the cause was reached on the day calendar.

On these facts the court below denied the defendants' leave to amend.

The trustee in bankruptcy of the Premier Clothing Corporation brings this action to recover $16,990 from the defendants. The bankrupt corporation was organized in May, 1922. The petition in bankruptcy was filed two months later. On June 1, 1922, the defendants, who are woolen merchants, sold to the Premier Clothing Corporation on terms of credit overcoating clothes of the agreed price of $11,486. At the time of the sale of the merchandise to the defendants the corporation's officers represented that the concern was solvent in all respects. The defendants accepted notes of the corporation in payment for the merchandise. These notes were indorsed by Morris Leviton and Samuel Goldberg. The officers of the corporation represented that these indorsers were financially responsible.

The indorser Morris Leviton was petitioned into bankruptcy

in the middle of July, 1922; this caused the defendants to make inquiry. Shortly thereafter the indorser Samuel Goldberg was likewise thrown into bankruptcy. It was at this time that defendants discovered that they had been defrauded. The defendants at once rescinded the sale and disaffirmed on the ground of the fraud in obtaining the goods by misrepresentation. Threatening legal action, defendants immediately demanded the return of the merchandise. On July 28, 1922, the corporation gave up the goods delivered in June and as yet unpaid for. Three days later a petition in bankruptcy was filed against the Premier Clothing Corporation.

The trustee now sues for this merchandise on two theories: (1) That the defendants received a voidable preference under subdivision b of section 60 of the National Bankruptcy Act; (2) that the defendants have been guilty of conversion.

After the application to prefer the case was granted, the case was taken up in order to prepare for trial, and it was thereupon discovered that the facts and matters constituting the defense were not affirmatively alleged. The attorney who had charge of preparing the pleadings had interposed merely a general denial and the defense that the plaintiff had an adequate remedy at law. Thereupon a proposed amended answer was prepared, and affidavits and an order to show cause were served on plaintiff's attorney. The cause at that time had not reached the day calendar.

We think that no cause was shown for denying defendants the relief asked. The amendment of the answer in the manner proposed was necessary to bring about a full disclosure of the parties' relations at the time of the alleged conversion, or to indicate that no unlawful preference was allowed in returning the goods said to have been fraudulently obtained. To deny amendment here would be to shut the door upon defendants' right to exhibit their defense.

The order should be reversed, without costs, and the motion granted, with ten dollars costs, the case to retain its place on the calendar upon defendants' paying plaintiff's costs to date, except costs of this appeal.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur.

Order reversed, without costs, and motion granted, with ten dollars costs.